**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

July 15, 2025

**By ECF**

The Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    RE:   <u>United States v. Mamajam Balde</u>, 25 Cr 294 (JLR)

Dear Judge Rochon:

    Mamajam Balde was charged by criminal complaint with a violation of 8 U.S.C. § 1028A(a)(1) and 1028A(b) on May 2, 2025. He was indicted on June 27, 2025, and wheeled out to Your Honor. Mr. Balde was scheduled for arraignment on July 8, 2025. He was unable to appear because the Department of Homeland Security deported him to Guinea-Bissau on July 2, 2025.

    The Government cannot request the tolling of the speedy trial clock following the deportation of a defendant. Moreover, the Court may dismiss an indictment, information, or complaint if unnecessary delay occurs in bringing a defendant to trial. Fed. R. Crim. P. 48(b). Here, because the Government deported Mr. Balde and the case cannot proceed, dismissal with prejudice is appropriate. In the alternative, the Court should dismiss without prejudice.

    I.   **The Speedy Trial Clock Cannot Be Stopped Here.**

    The Sixth Amendment guarantees criminal defendants a right to a speedy trial. <u>Barker v. Wingo</u>, 407 U.S. 514, 519 (1972). This right is codified in the Speedy Trial Act. <u>See United States v. Gambino</u>, 59 F.3d 353, 356 (2d. Cir. 1995) ("The Speedy Trial Act requires that a defendant's trial begin within 70 days of the date he was indicted or his first appearance before a judicial officer."). "The [Speedy Trial] Act was designed not just to benefit defendants but also to serve the public interest." <u>Zedner v. United States</u>, 547 U.S. 489, 501 (2006).

The speedy trial clock can be stopped or tolled only for specific enumerated reasons, including when the defendant "is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence." 18 U.S.C. § 3161 (h)(3)(B). The Government has the burden of proving these conditions are met. 18 U.S.C. § 3162 (a)(2).

The Government cannot both cause the defendant's unavailability and request the speedy trial clock to be tolled. United States v. Resendiz-Guevara, 145 F. Supp. 3d 1128, 1138 (M.D. Fla. 2015) ("[T]here is no suggestion [section] 3161(h)(3) applies where the Government causes the unavailability."). See also United States v. Urizar Lopez, 587 F. Supp. 3d 835, 842 (S.D. Iowa 2022); United States v. Ferreira-Chavez, No. 1:20-cr-00145-BLW, 2021 WL 602822, at *4–5 (D. Idaho Feb. 12, 2021); United States v. Monteverde, No. CR-20-00166-001-TUC-JCH (JR), 2021 WL 5534880 (D. Ariz. Oct. 7, 2021).

Here, Mr. Balde wished to remain in the United States with his wife and children. Instead, after he was granted bail, the Government detained and deported him, even after the Court issued a warrant to return him to Bureau of Prisons custody. If the Government wished to proceed with this prosecution (as it knew it was deporting him), then the prosecutors should have filed for an administrative stay of removal rather than requesting a judicial warrant it did not honor. See 18 U.S.C. § 3161(h)(3). "The Government cannot simply side-step its diligence obligations by removing a defendant and shifting the burden to the defense counsel." Monteverde, 2021 WL 5534880, at *4. See also Resendiz-Guevara, 145 F. Supp. 3d at 1136 ("[T]he Court believes that the Government must show why it lacked the ability to prevent Defendant's departure through a stay or departure control."); United States v. Trujillo-Alvarez, 900 F.Supp.2d 1167, 1170 (D. Oregon 2012) ("If the Executive Branch chooses not to release the Defendant and instead decides to abandon criminal prosecution of the pending charge and proceed directly with Defendant's removal and deportation, the law allows the Executive Branch to do that."). The Court should not reward such behavior by stopping speedy trial clock.

To toll the speedy trial time clock here could, and likely would, lead to miscarriages of justice. Allowing the Executive Branch to both deport someone who has a federal criminal case pending and then request that their prosecution be tolled in perpetuity (should they ever dream of returning to the United States) would make a mockery of the Speedy Trial Act, and it doesn't require much creativity to think of other major Fourth, Fifth, and Sixth Amendment concerns. Defense attorneys simply cannot prepare for a future trial without their client.

II.  **The Case Should be Immediately Dismissed with Prejudice, before the Speedy Trial Act Deadline Passes.**

Federal Rule of Criminal Procedure 48(b) provides an alternate basis to dismiss an indictment, without reference to the Speedy Trial Act. United States v. Carlone, 666 F.2d 1112, 1116 (7th Cir. 1981). Dismissal with prejudice under Rule 48(b) is particularly warranted when a party's constitutional rights are infringed. See United States v. Correia, 531 F.2d 1095, 1097-98 (1st Cir. 1976); United States v. Simmons, 536 F.2d 827, 832-36 (9th Cir. 1976). When dismissing under Rule 48(b), Courts can also consider "the motivations of the prosecutor, the effects of dismissal, including whether the dismissal is with or without prejudice, on the defendant, and the public interest, more generally." United States v. Rosenberg, 108 F. Supp. 2d 191, 206 (S.D.N.Y. 2000) (Haight, J.). A case may call for prejudicial dismissal even absent prosecutorial bad faith. Id.

Because the Government deported Mr. Balde, causing him to miss his youngest child's high school graduation, it deprived him of his constitutional right to defend himself against the pending charges. "Defendant's deportation during the pendency of this matter has caused him to suffer a violation of his Sixth Amendment right to counsel." United States v. Bojorquez, No. CR-23-00660-001-TUC-RM (MSA), 2023 WL 6391050, at *2 (D. Ariz. Oct. 2, 2023); Ferreira-Chavez, 2021 WL 602822, at *2 ("[D]eportation, despite [the] pending prosecution, has violated [the defendant's] Sixth Amendment rights"). Due to his deportation, Mr. Balde is unable to meet with counsel and prepare his case, denying him "the assistance of counsel for his defense." U.S. Const. amend. VI. Continuing prosecution would "prejudice the interests of the people of the United States and the constitutional rights of the accused." United States v. Lutz, No. CR-19-00692-001-TUC-RM (BGM), 2019 WL 5892827, at *5 (D. Ariz. Nov. 12, 2019) (quoting United States v. Boutin, 269 F. Supp. 3d 24, 28-29 (E.D.N.Y. 2017)). Simply put, the Government cannot deport a defendant and then say to counsel: "continue to prepare for trial as we intend to continue without your client." Fortunately, the Bill of Rights does not allow for trial in forced exile.

Courts have previously considered deportation as a factor favoring dismissal with prejudice. Reprosecution is not in the interest of justice or the public interest after a defendant's deportation. United States v. Pena, 73 F. Supp. 2d 56, 61 (D. Mass. 1999); United States v. Osunde, 638 F. Supp. 171, 175-76 (N.D. Cal. 1986) (holding "[t]he interests of justice" will still be served by a dismissal with prejudice since the defendant "will not be allowed to continue enjoying the benefits of, and the protections concurrent with, residence in the United States" in a case similar to Mr. Balde's where the "alleged crimes [did] not involve physical violence or monetary loss by an

aggrieved third party"). Although these cases proceeded under the Speedy Trial Act, discretionary dismissal under Rule 48(b) similarly weighs dismissal's effect on the defendant and general public when considering whether dismissal with prejudice is appropriate. Rosenberg, 108 F. Supp. 2d at 206.

The Government must commit to one course of action and is not allowed to "treat the United States Code like a take-out food menu." United States v. Ventura, 2017 WL 5129012, at *3 (E.D.N.Y. Nov. 3, 2017) (Irizzary, J.) (quoting United States v. Galitsa, No. 17-Cr-324, ECF No. 30, at 9-10 (S.D.N.Y. July 28, 2017) (Caproni, J)). They have chosen. Mr. Balde is no longer here. His indictment should be dismissed with prejudice, or at the very least, without.

Very Truly Yours,

/s/

Ian H. Marcus Amelkin
Claire Dinshaw*
Nissim Roffe-Piket*
Assistant Federal Defender
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, NY 10007
Tel.: (212) 417-8733

*Legal Interns

CC:   SAUSA Mustafa Khairy, Esq.