UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>  -against-<br><br>MAMAJAM BALDE,<br><br>         Defendant. | Case No. 1:25-cr-00294 (JLR)<br><br>**OPNION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Defendant Mamajam Balde ("Defendant"), indicted on two counts of passport fraud and one count of aggravated identity theft, Dkt. 8 ("Indictment"), was deported by the Department of Homeland Security ("DHS") to Guinea-Bissau while awaiting arraignment. Given his deportation, Defendant has moved for a dismissal of the Indictment with prejudice or, in the alternative, without prejudice, pursuant to Federal Rule of Criminal Procedure ("Rule") 48(b). Dkt. 11 ("Df. Mot."). Although the Government previously opposed Defendant's motion to dismiss the Indictment, Dkt. 12 ("Gov't Opp."), the Government now seeks leave to file a *nolle prosequi*, dismissing the Indictment without prejudice pursuant to Rule 48(a), Dkt. No. 16 ("Gov't Reply"). The only issue now before the Court is therefore whether Defendant's Indictment should be dismissed with or without prejudice. For the reasons set forth below, the Court GRANTS the Government's motion to dismiss the Indictment without prejudice, and DENIES Defendant's motion to dismiss the Indictment as moot.

## BACKGROUND

  Defendant was charged by criminal complaint on May 2, 2025 with violations of 18 U.S.C. § 1542 and 18 U.S.C. §§ 1028A(a)(1), 1028A(b), and 2. Dkt No. 1 ¶¶ 1-3. He was presented before Magistrate Judge Tarnofsky on May 30, 2025, and granted conditional release.

Dkt. 4.  He was then indicted on June 27, 2025, with two counts of passport fraud, 18 U.S.C. § 1542, and one count of aggravated identity theft, 18 U.S.C. §§ 1028A(a)(1), 1028A(b), and 2. Dkt No. 9.  The Court scheduled his arraignment for July 8, 2025.  *See* Df. Mot. at 1.  While Defendant was on conditional release, he was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") and held in a detention facility in Florence, Texas.  To secure his presence for arraignment, the Government on June 30, 2025, requested that this Court issue an arrest warrant to remand the Defendant into the custody of the United States Bureau of Prisons. The Court issued the warrant that same day.  *See* Dkt. 10.  Notwithstanding the pending warrant, DHS deported Defendant to Guinea-Bissau on July 2, 2025.

On the date of the scheduled arraignment, the Court requested that the parties appear for a conference to discuss next steps in the case.  At that July 8, 2025 conference, the Government sought an exclusion of time under the Speedy Trial Act given Defendant's unavailability for prosecution.  Counsel for Defendant objected and requested dismissal of the Indictment.  The Court requested that the parties submit briefing on their positions.

On July 15, 2025, defense counsel moved to dismiss the Indictment with prejudice or, in the alternative, without prejudice because of Defendant's deportation, citing violations of Defendant's constitutional and statutory rights.  *See generally* Df. Mot.  The same day, the Government submitted a letter to the Court arguing that time should be excluded under the Speedy Trial Act because time under the Act does not begin to run until the Defendant is arraigned.  *See generally* Gov't Opp.  However, on July 31, 2025, the Government changed course and moved to dismiss the Indictment without prejudice pursuant to Rule 48(a) because of Defendant's deportation.  Gov't Reply.

**LEGAL STANDARD**

Rule 48(a) provides that the Government "may, with leave of court, dismiss an indictment." Fed. R. Crim. P. 48(a). "The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment" and to protect against circumstances where "the motion [to dismiss] is prompted by considerations clearly contrary to the public interest." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977). Moreover, "[a] court is generally required to grant a prosecutor's Rule 48(a) motion unless dismissal is 'clearly contrary to manifest public interest.'" *United States v. Pimentel*, 932 F.2d 1029, 1033 n.5 (2d Cir. 1991) (quoting *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975)). "[W]hen an indictment is dismissed before trial upon the [G]overnment's motion under Rule 48(a) . . . the dismissal is without prejudice . . . unless the contrary is expressly stated." *United States v. Ortega-Alvarez*, 506 F.2d 455, 458 (2d Cir. 1974). Indeed, "[s]everal circuits, including the Second Circuit, have recognized that a dismissal pursuant to Rule 48(a) is generally without prejudice." *United States v. Rosenberg*, 108 F. Supp. 2d 191, 207 (S.D.N.Y. 2000).

However, "a court retains discretion to determine whether a dismissal should be with or without prejudice." *United States v. Adams*, 777 F. Supp. 3d 185, 214 (S.D.N.Y. 2025). "In exercising their discretion to dismiss with prejudice under Rule 48(a), courts have generally looked to the same principles that motivate the 'leave of court' requirement," including whether dismissal without prejudice is in the public interest, whether there is a risk of prosecutorial harassment from recharging of the offenses, or whether there is evidence of bad faith on the part of the prosecution. *Id.* at 214-15; *see also United States v. Madzarac*, 678 F. Supp. 3d 42, 48 (D.D.C. May 15, 2023) (considering "the purpose of the government's dismissal"; "the presence

or absence of good faith"; and the "objective effect that dismissal without prejudice would have on the defendant").

## DISCUSSION

As an initial matter, the parties agree, and this Court finds, that dismissal of this action is appropriate given Defendant's deportation to Guinea-Bissau. Defendant is no longer in the United States and extradition from Guinea-Bissau is not possible. Moreover, he presently has no legal status in the United States and therefore cannot return voluntarily for trial. ICE's deportation of Defendant from this country therefore interfered with Defendant's Sixth Amendment right to "consult with counsel, to review the evidence against him, and to prepare a defense to the charge[s]." *United States v. Lutz*, No. 19-cr-00692, 2019 WL 5892827, at *5 (D. Ariz. Nov. 12, 2019) (alteration adopted); *see also United States v. Bojorquez*, No. 23-cr-00660, 2023 WL 6391050, at *2 (D. Ariz. Sept. 29, 2023) ("Defendant's deportation during the pendency of this matter has caused him to suffer a violation of his Sixth Amendment right to counsel."); *United States v. Escobedo-Molina*, --- F. Supp. 3d. --- , 2025 WL 1918035, at *3 (D.N.M. July 11, 2025) ("Defendant's deportation has, to put it simply, wrought havoc on his Fifth and Sixth Amendment rights."); *United States v. Guimares*, No. 25-cr-10129, 2025 WL 1899046, at *5 (D. Mass. July 9, 2025) (similar). "Defense counsel must, among other things, be able to communicate formal plea offers to the defendant, provide advice during the plea bargaining process, describe risks in sentencing, give advice about the possibility of deportation, assist in any attempt by the defendant to cooperate with the government, and consult with the defendant on lines of defense." *Guimares*, 2025 WL 1899046, at *5. The ability for defense counsel to do so is substantially undermined by Defendant's deportation. Thus, dismissal is appropriate.

4

The only outstanding question for this Court, then, is whether to dismiss the Indictment with or without prejudice. Like numerous district courts before it, this Court is confronted with the question of the appropriate course of conduct when "a defendant is deported from the United States while criminal charges are pending against them." *Escobedo-Molina*, 2025 WL 1918035, at *3. As noted above, "[t]ypically, a dismissal under Rule 48(a) 'is without prejudice to the government's right to reindict for the same offense, unless the contrary is expressly stated.'" *Adams*, 777 F. Supp. 3d at 214 (quoting *Ortega-Alvarez*, 506 F.2d at 458).

To be sure, weighing in favor of dismissal with prejudice is the public's interest in the "Executive Branch agencies . . . coordinat[ing] . . . their actions to ensure that all criminal defendants' constitutional and statutory rights are preserved." *Guimaraes*, 2025 WL 1899046, at *6. Recognizing the public interest in coordination between ICE and the Department of Justice, other district courts have granted dismissal with prejudice on this basis. *See e.g.*, *id.* ("In light of ICE's violation of a court order and refusal to facilitate [defendant's] appearance at her arraignment, the Court concludes that the public interest is best served by dismissing her indictment with prejudice to reindictment on the same charge."); *Escobedo-Molina*, 2025 WL 1918035, at *10 (finding dismissal with prejudice appropriate where "the Government continue[d] to bring the same charges in case after case, then st[ood] idly by as each defendant is deported and his or her Fifth and Sixth Amendment rights are violated correspondingly"); *Lutz*, 2019 WL 5892827, at *5 (finding dismissal with prejudice appropriate in order to, among other things, "deter ICE and the U.S. Attorney's Office from continuing to engage in turf battles in lieu of inter-agency cooperation").

However, given the general presumption in favor of dismissal without prejudice in the Second Circuit, *Rosenberg*, 108 F. Supp. 2d at 207, and the requirement that the Court's

supervisory powers be exercised "with restraint and circumspection," *United States v. Horn*, 29 F.3d 754, 760 (1st Cir. 1994), the Court finds that dismissal without prejudice is an adequate remedy under the circumstances of this case. This case was still in an early procedural posture at the time of Defendants' deportation, and the Government promptly (even though not initially) moved to dismiss the case following Defendants' deportation. There is no indication of bad faith or that dismissal without prejudice would facilitate prosecutorial harassment. While Defendant's concerns about the inability to participate in his defense and consult with counsel are "valid constitutional concerns," such concerns are now "ameliorated by dismissal without prejudice." *United States v. Pavel*, No. 19-cr-00094, 2021 WL 817889, at *4 (W.D. Va. March 3, 2021) (finding, in case where defendant was deported during pendency of criminal proceedings, that there was "no prejudice that [could not] be adequately remedied by dismissal without prejudice"); *see also Bojorquez*, 2023 WL 6391050, at *2 (finding that dismissal without prejudice was "the more appropriate, 'lesser remedial action' to end t[he] case and remedy the constitutional violation" (citation omitted)); *United States v. Tamini*, No. 17-cr-00381, 2018 WL 6978094, at *1, *3 (D. Nev. Nov. 29, 2018) (dismissing indictment without prejudice where defendant was deported shortly after indictment was returned), *report and recommendation adopted*, 2019 WL 121962 (D. Nev. Jan 7, 2019); *United States v. Montaya-Salazar*, v-02565 (KMM), No. 21-c2023 WL 4998535, at *1, *4 (D. Minn. May 31, 2023) (same), *report and recommendation adopted*, 2023 WL 4456880 (D. Minn. July 11, 2023); *United States v. Castillo*, 537 F. Supp. 3d 120, 131 (D. Mass. 2021) (similar). Moreover, dismissal without prejudice is not a "toothless sanction," *United States v. Taylor*, 487 U.S. 326, 342 (1988), since the Government would need to secure a new indictment within the statute of limitations in order to reprosecute Defendant.

Thus, the Court finds that dismissal without prejudice is appropriate.

## CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss the Indictment without prejudice is GRANTED.  Defendant's Motion to Dismiss the Indictment is denied as MOOT. The Clerk of Court is respectfully directed to terminate the motions at Dkts. 11 and 16.

Dated: August 28, 2025
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON